# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **STEVEN LUNDY,** Petitioner | No. 3:07cr128 |
| | No. 3:10cv845 |
| v. | (Judge Munley) |
| **UNITED STATES OF AMERICA,** Respondent | |

## MEMORANDUM

Before the court is Petitioner Steven Lundy's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (Doc. 261). Having reviewed the arguments raised therein, we find that the files and records of the case conclusively show that the prisoner is entitled to no relief. Accordingly, we will deny the motion.

## BACKGROUND

Petitioner Steven Lundy ("Lundy") was indicted on March 28, 2007 on charges of aiding and abetting carjacking in violation of 18 U.S.C. § 2119 and aiding and abetting possession of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). (Indictment (Doc. 1)). On April 3, 2007, Lundy pleaded not guilty to the indictment. (Doc. 23). On April 9, 2007, Magistrate Judge Malachy E. Mannion ordered that Lundy be detained pending trial. (Doc. 32). On May 15, 2007, this court held a detention hearing and set the conditions of Lundy's release. (Docs. 75, 77)

On February 12, 2008, the government filed a superseding indictment (Doc. 141). With respect to Lundy, the superseding indictment added third and fourth charges– conspiracy to commit carjacking in violation of 18 U.S.C. § 371 and conspiracy to possess a firearm during a crime of violence in violation of 18 U.S.C. § 924(o). (Id.) On March 4, 2008, Lundy pleaded not guilty to the superseding indictment. (Doc. 151). On March 25, 2008, a plea agreement was filed in which Lundy pleaded guilty to Count III– conspiracy to

commit carjacking. (Doc. 157). On June 27, 2008, Lundy filed with the court a letter addressed to his appointed counsel professing his innocence and indicating that he preferred a trial. (Doc. 163). The court scheduled a pre-trial conference for Lundy for August 8, 2008. (Doc. 176). On August 7, 2008, Lundy wrote a letter to the court indicating that he had not approved of any motions filed between March 4, 2008 and August 1, 2008 and that he did not want any motions filed on his behalf. (Doc. 194).

On September 17, 2008, Lundy entered into a second Plea Agreement. (Doc. 197). On October 9, 2008, a change of plea hearing was held during which Lundy did not plead guilty. (See Minute Entry for Oct. 9, 2008 Change of Plea Hr'g).

Lundy, acting *pro se*, then filed a motion to dismiss the indictment on October 27, 2008 based on the "Speedy Trial Act," 18 U.S.C. § 3161. (Doc. 211). He also filed a petition for a writ of habeas corpus on December 12, 2008. (Doc. 218). On January 15, 2009, Lundy wrote a letter to the court indicating his desire to waive his right to a jury trial and proceed by a bench trial. (Doc. 223).

On January 26, 2009 a change of plea hearing was held. (Doc. 232). During the hearing Lundy knowingly and voluntarily waived his right to indictment by a grand jury. (Am. Change of Plea Hr'g Tr. (Doc. 273 at 3 - 4); Waiver of Indictment (Doc. 228)). Lundy represented that he was satisfied with his defense counsel. (Id. at 6 - 7). Lundy was advised of his constitutional rights, including the right to a trial by jury, his presumption of innocence, the government's burden of proving its case beyond a reasonable doubt, his right to representation of counsel, his right to call witnesses, his right to cross-examine witnesses, and his right to testify or not. (Id. at 8 - 10). Lundy understood that by entering a plea of guilty he would be surrendering these constitutional rights. (Id. at 11).

Lundy understood that, pursuant to the plea agreement and having waived his right to an indictment, he was charged under a felony information with one count of misprision of a felony, 18 U.S.C. § 4.[1] (Id. at 12; Information (Doc. 227)). Lundy indicated that he understood the maximum penalties of misprision of felony. ((Doc. 273 at 12, 17 - 19); Statement of Def. ¶¶ 1, 2 (Doc. 230)). Lundy admitted knowing of a felony conspiracy to commit carjacking, concealing that knowledge by leaving scene in another vehicle, and not making the felony known to authorities. (Doc. 273 at 13 - 15). Lundy clarified, for the record, that he did not participate in the assault on the victim, and the government agreed with this clarification. (Id. at 14 - 15). Lundy acknowledged his signature on the plea agreement and stated that he entered the agreement voluntarily and intelligently. (Id. at 16 - 20). Lundy specifically understood that if he violated his supervised release he could be returned to prison. (Id. at 21). Having been advised of his constitutional rights and sworn, Lundy proceeded to plead guilty to Count I of the superseding information, pursuant to the plea agreement. (Id. at 23).

On May 5, 2009 judgment was entered against Lundy and he was sentenced to a period of time served and supervised release for one year. (Docs. 239, 240). On October 3, 2009, Lundy was arrested for driving under the influence. (Request for Modifying Condition of Supervision (Doc. 248)). Lundy and the government agreed to modify the conditions of Lundy's

---

[1] The information stated, in its entirety, that, "[o]n or about February 2, 2007, in Monroe County, in the Middle District of Pennsylvania, the Defendant Steven Lundy having knowledge of the actual commission of a felony cognizable by a court of the United States, to wit, conspiracy to commit carjacking under 18 U.S.C. § 371, did conceal the same by leaving the scene of the crime in a co-defendant's vehicle, and did not as soon as possible make known the same. . . [i]n violation of Title 18, United States Code, Section 4." (Information (Doc. 227)).

supervised release instead of holding a violation hearing. (Id.) The modification consisted of placing Lundy on two months of home detention with electronic monitoring. (Id.)

On January 28, 2010, the government petitioned for a warrant based on two additional violations. (Doc. 249) First, on January 20, 2010, Lundy violated his home detention by leaving his residence without authorization. (Id.) Second, on January 21, 2010 Lundy violated his supervised release by testing positive for marijuana use. (Id.)

Lundy was arrested and Magistrate Judge Thomas M. Blewitt held violation of supervised release and detention hearings on February 4, 2010. (Doc. 253). Judge Blewitt ordered that Lundy be detained. (Id.) On February 11, 2010, the court held a supervised release revocation hearing. (Doc. 258). Judgment was entered against Lundy and he was remanded to the custody of the United States Marshal for a term of imprisonment of three months. (Doc. 260).

On April 20, 2010, Lundy filed a document entitled "Civil Complaint." The document presented grounds attacking his conviction or the sentence imposed or both, grounds which may normally be raised only in a motion filed under 28 U.S.C. § 2255. (Doc. 261). By our order of May 28, 2010 (Doc. 262), we advised Lundy that, pursuant to United States v. Miller, a *pro se* petitioner can: (1) have the court re-characterize the motion as a section 2255 motion and be heard as such, but lose his ability to file successive petitions absent certification by the court of appeals; or (2) withdraw the motion and file one all-inclusive section 2255 petition within the one-year statutory period prescribed by the Antiterrorism and Effective Death Penalty Act of 1996. United States v. Miller, 197 F.3d 644, 652 (3d Cir. 1999). We ordered Lundy to complete and file a Notice of Election within forty-five days of the date of this order, and advised him that failure to comply would result in the court re-

characterizing the motion as a section 2255 motion. (Doc. 262).

**STANDARD OF REVIEW**

Having received no reply from Lundy, we treat his motion as a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. That section provides:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> (b) Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

28 U.S.C. § 2255.

A defendant's potential claims that his "sentence was imposed in violation of the Constitution" are limited, however, if he pleaded guilty. 28 U.S.C. § 2255. "By entering a guilty plea, a defendant waives constitutional rights that inhere in a criminal trial, including the right to trial by jury, the protection against self-incrimination, and the right to confront one's accusers." Florida v. Nixon, 543 U.S. 175, 187 (2004) (citing Boykin v. Alabama, 395 U.S. 238, 243 (1969); see also Marrow v. United States, 772 F.2d 525, 527 (1985) (a defendant who pleads guilty may not raise constitutional violations which occurred prior to the plea) (citing Tollett v. Henderson, 411 U.S. 258, 266-67 (1973)); Mabry v. Johnson, 467 U.S. 504, 508 (1984) abrogated in part on other grounds, Puckett v. United States, --- U.S. ----, ---- n. 1, 129 S.Ct. 1423, 1430 n.1 (2009) ("[A] voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not

be collaterally attacked.").

**DISCUSSION**

Lundy's motion raises two main arguments. First, Lundy argues that his conviction for Misprision of a Felony was unlawful because he was led to believe that his mere silence and failure to report a crime of violence exposed him to criminal liability, and that no affirmative act on his part was required. Second, Lundy argues that because he was initially charged with crimes of violence he was defamed and prevented from adequately defending himself.

**A. Lundy's understanding of Misprision of a Felony**

"It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." Mabry, 467 U.S. at 508 (1984). "[W]hen the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose the collateral attack." U.S. v. Broce, 488 U.S. 563, 569 (U.S. 1989).

Lundy argues that he was "convicted unlawfully for Misprision of [a] Felony for mere silence of a crime [sic] of violence." (Doc. 261 at 2). He states that he was "made to believe that for the fact that [he] was present during a crime of violence, that [he] were to be just as guilty as the co-conspirators for not reporting the crime that had occurred, which [he] had no involvement in." (Id. at 5). He argues that "[m]isprision requires more than just a failure to disclose; it requires some affirmative act of concealment such as untruthful statements, suppression of evidence, harboring of the criminal, witness intimidation or tampering, or some other affirmative act designed to conceal a felony. Mere silence is not enough." (Id.)

At the plea hearing, Lundy admitted committing an act of concealment.

6

(Doc. 273 at 13 - 15). The information, referenced in his Plea Agreement and in his Statement of Defendant and paraphrased during the plea hearing, states that Lundy concealed the felony conspiracy to commit carjacking by leaving the scene of the crime in a co-defendant's vehicle. (Id.; Information (Doc. 227); Statement of Def. ¶1 (Doc. 230)). At the final plea hearing Lundy admitted taking that action. (Doc. 273 at 13 - 15). Thus, noting that Lundy does not now deny having taken that action, Lundy's argument at this stage is without merit– he voluntarily admitted an act of concealment which was legally sufficient to support his guilty plea. Furthermore, there is nothing to indicate that Lundy's plea was involuntary, unintelligent, or without advice of counsel. For this reason, Lundy's motion to vacate his sentence will be denied.

**B. Lundy's claim of Defamation and inability to defend himself**

Lundy also states that "initially charged with Carjacking aid & abet, Possession of a Firearm in a crime of violence, Conspiracy of Carjacking, [and] Conspiracy to possess a firearm in a crime of violence. These charges were made public . . . which 'Defamed Me of My Character', [and] 'Slandered My Name' which would have hampered my ability to defend myself at trial, and the charges that were against me were later dismissed." (Doc. 261 at 5). The court understands this statement as an argument that Lundy could not have received a fair trial because more serious initial charges were made public. Essentially, Lundy argues that his due process rights were somehow violated, but, as noted above, he may not now challenge his guilty plea based on purported constitutional violations which occurred prior to the plea. See Marrow, 772 F.2d at 527. Accordingly, this argument is without merit and Lundy's motion to vacate his sentence will be denied.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

STEVEN LUNDY, : No. 3:07cr128
    Petitioner : No. 3:10cv845
  v. : (Judge Munley)
     :
UNITED STATES OF AMERICA, :
    Respondent :
::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this  19th  day of November 2010, upon consideration of Petitioner Steven Lundy's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, it is HEREBY **ORDERED** that the motion is **DENIED**. Based upon the reasoning in our accompanying memorandum, we decline to issue a certificate of appealability. See 28 U.S.C. § 2253(c) and 3d Cir. LAR. 22. The Clerk of Court is directed to close case No. 3:10cv845.

                                         **BY THE COURT:**

                                          s/ James M. Munley

                                         **JUDGE JAMES M. MUNLEY
United States District Court**